UNITED STATES DISTRICT COURT
WESTERN DISTRIC OF NEW YORK
--------------------------------------------------------------------------
CATHERINE LUGO, Individually & as Parent & Natural
Guardian of IL, a Minor,
17 N. Wadsworth Street
Geneva, NY 14456,

                       Plaintiffs,

-vs-

CITY OF GENEVA, and
CITY OF GENEVA POLICE DEPARTMENT,
And its agents and employees, John Doe Officer 1,
John Doe Officer 2, John Doe Officer 3, individually
And in their representative capacity.

                       Defendants,
--------------------------------------------------------------------------

11   C V   6179-⊬

CIVIL ACTION
JURY TRIAL
DEMANDED

Case #



## INTRODUCTION

This is a civil action seeking compensatory and punitive damages against police

officers of the City of Geneva Police Department, the police chief of the City of Geneva,

and the City of Geneva, New York, for committing acts under the color of law amounting

to police misconduct which deprived the Plaintiffs of their rights under the United States

Constitution and the laws of the United States, and the State of New York, and which

were contrary to the provisions of Title 42 USC §1983.

The defendants engaged in conduct on or about January 17, 2010 that included

violations of the plaintiff's constitutional rights while acting under color of law as police

officers, and thereby caused plaintiffs injury, including physical injury and damages.

On or about January 17, 2010, Geneva Police Officers forcibly and unlawfully

detained and assaulted plaintiff, IL, an innocent minor, and unlawfully seized and

On or about January 17, 2010, Geneva Police Officers forcibly and unlawfully detained and assaulted plaintiff, IL, an innocent minor, and unlawfully seized and arrested him without probable cause. The defendant officers acted in concert with each other to commit the unlawful conduct in detaining and assaulting the 12-year-old minor, who was an innocent citizen in Geneva, NY, and thereafter unlawfully seized and arrested him without lawful cause or justification.

The City of Geneva and the Chief of Police Frank T. Pane are liable for the Plaintiffs' damages for failure to instruct, supervise, control and discipline the City's police officers, which failures were the result of an official policy and custom, and practice of the City; Chief Pane was deliberately indifferent and took no action to eliminate or prevent the unconstitutional conduct within his department which amounted to policy, practice, and custom on the part of his department and officers, all of which caused the Plaintiffs' damages as specifically set forth below.

Defendant CITY OF GENEVA and Defendant Geneva Police Department were properly served with a Notice of Claim under New York State General Municipal Law, §50-e on or about April 1, 2010 and despite due demand, have failed or refused to pay these claims for more than 30 days thereafter.

## PARTIES

1.      Plaintiff, Catherine Lugo, parent and natural guardian of her son IL, is an adult individual and a citizen of the United States and a resident of the State of New York, having at all times hereinafter stated an address at 17 N. Wadsworth Street, Geneva NY 14456.

2.      Plaintiff IL is a minor having been born April 4, 1997, and who at all times hereinafter stated resided with his mother Plaintiff Catherine Lugo.

3.      Defendant, John Doe Officers 1, 2, and 3 (hereinafter "defendant officers") were at all times relevant and material hereto, adult individuals and citizens of the State of New York, and police officers of the City of Geneva Police Department, and were acting in such capacity as agents, servants, and employees of the City of Geneva and its police department, and were further acting under the direction, management, and control of the City of Geneva and the Geneva Police Department and its police chief and other supervisors, and were further acting pursuant to either official policy or the custom, practice or usage of the City of Geneva and its police department and its supervisors.

4.      Defendant, Police Chief Frank T. Pane (hereinafter "defendant Pane") was at all times and relevant and material hereto, the Chief of Police for the City of Geneva and as such, the highest ranking police officer in the department and the commanding officer of defendant officers, and was responsible for the training, supervision, discipline and conduct of the defendant officers, as more fully set forth herein. Defendant Chief Pane is further responsible by law for setting, reviewing and/or enforcing the regulations of the Geneva Police Department and for ensuring the City of Geneva police officers obey the laws of the State of New York, and the United States of America. Chief Pane has a business address at the Geneva Police Department, 255 Exchange St., Geneva NY 14456.

5.      At all times relevant and material, defendant Pane was acting in such capacity as an agent, servant and employee of the Geneva Police Department and was acting under the management, direction and control of the City of Geneva, and was

further acting pursuant to either official policy or custom and practice of the Geneva
Police Department. At all times relevant and material, defendant Pane was the
policymaker for the Geneva Police Department in all matters that are alleged herein. In
the alternative, Chief Pane participated in the promulgation of policy for the Geneva
Police Department and was directly responsible for its implementation in whole or in
part.

6. Defendant City of Geneva is a municipal corporation or other form of
municipal government, organized and existing under the laws of the State of New York.
At all times relevant and material, the City of Geneva acted by and through its City
Council and its officers, agents, servants, and/or employees, who at all times relevant and
material acted within the scope of their authority as persons who set, reviewed and/or
enforced, as policymakers, certain policies regarding the conduct and actions of police
officers employed by the City of Geneva, including defendant police officers and Chief
Pane. The City of Geneva has a business address at City Hall, 47 Castle St., Geneva NY
14456.

7. Plaintiff Catherine Lugo sues defendant John Doe officers and defendant
Pane in both their individual and official capacities.

8. At all times relevant and material, defendant officers and defendant Pane
acted under color of the laws, statutes, ordinances, regulations, policies, customs, and
usages of the State of New York, the City of Geneva, and the Geneva Police Department,
and pursuant to their authority as police officers, and Police Chief respectively of the
Geneva Police Department.

## JURISDICTION AND VENUE

9.      This District Court has jurisdiction over the actions of the defendants

pursuant to Title 42 U.S.C., §1983, 28 U.S.C., §1343, and 28 U.S.C. §1331, in that the

causes of action arise under Title 42 U.S.C 1983, and 1988, and under the 4th, 8th and

14th Amendments of the United States Constitution.   Plaintiffs further invoke the pendent

and ancillary jurisdiction of this Court to adjudicate claims arising under the laws of the

State of New York.

10.     Venue is proper in this judicial district pursuant to Title 28 U.S.C.,

1391(e), in that all the defendants reside in this district, the events or omissions giving

rise to the claim occurred in this district, and no real property is involved, and that

plaintiffs reside in this district.

## FACTUAL BACKGROUND

11.     On or about January 17, 2010, Geneva police officers, John Doe officers

1, 2, and 3 responded to the Main Moon chinese food restaurant due to the report of

children knocking on the window.   Once Defendants arrived, they approached plaintiff,

IL, who was nearby and unlawfully detained him.   Thereafter, the defendants began to

search plaintiff, IL, and when he protested, the defendants threw IL to the cement,

handcuffed, and searched him.   The defendant officers then transported IL to the Geneva

Police Department

12.     During the course of Defendant officers' activities, the defendants made

verbal threats and used indignant language towards Plaintiff, IL.

13.     Due to the malicious and unlawful treatment of Plaintiff IL by Defendant

John Doe Officers 1, 2, and 3, Plaintiff IL was caused physical injuries including

abrasions, and bruising to his face, head and torso, and suffered permanent scarring on his face and conscious pain and suffering.

## COUNT I
### Excessive Use of Force
### Cognizable under Title 42 U.S.C. §1983

14.     Plaintiff Catherine Lugo incorporates herein by reference Paragraphs 1 through 13, inclusive, as though the same were fully set forth herein.

15.     At all times relevant and material, Defendant John Doe officer 1 and the other defendants present acted towards Plaintiff IL without cause, provocation, justification or excuse, or warning and Plaintiff was in fear of harm and danger to his person.

16.     At no time did Plaintiff resist arrest by Defendant John Doe officer 1, or offer violence or threaten either Defendant John Doe officer 1 or any other police officer.

17.     Plaintiff IL had committed no crime, but Defendant officers forcibly seized and arrested Plaintiff without any basis in fact.

18.     As a direct and proximate result of the aforesaid unlawful and malicious physical abuse, by Defendant John Doe officer 1 and other members of the Geneva police department, committed under color of law and their individual authority as police officers of the City of Geneva, Plaintiff suffered bodily harm and was deprived of his right to be secure in his and person, against unreasonable seizure of his person, and the excessive use of force, in violation of the 4th and the 8th and 14th Amendments of the United States Constitution and Title 42 U.S.C. §1983.

19. As a direct and proximate result of the malicious and outrageous conduct of the Defendant John Doe officers 1, 2, and 3, and other defendants, as described aforesaid, the minor Plaintiff suffered serious injuries including to his face, head, and neck, which required immediate emergency care and included blunt force trauma injuries, severe bruises, contusions, and abrasions to his face, head, neck, back, and upper and lower extremities, severe shock to his nerves and nervous system, including permanent scarring and conscious pain and suffering.

20. By reason of the above described occurrences, Plaintiff was rendered sick, sore, lame, prostrate and disordered, and made to go undergo great mental and physical anguish and physical pain, as a result of which he has suffered, yet suffers, and will continue to suffer for an indefinite period of time in the future.

21. Plaintiff has been compelled, in order to affect a cure for the aforesaid injuries, to incur medical bills for medicine and medical attention and he will be required to incur further medical special damages in the future.

22. As a result of the foregoing, Plaintiff has sustained such injuries as a result of which he has been required and will be obliged to receive medical and psychological attention and care and will incur various medical expenses.

23. As a result of the malicious and outrageous conduct of Defendant officers, and other members of the Geneva Police Department, the incident and injuries sustained thereby, Plaintiff IL has and will hereinafter incur future financial expenses and losses, which will exceed amounts he may be otherwise entitled to recover.

24.     The acts and conduct of Defendant officers were intentional, willful,

wanton and malicious, entitling Plaintiff to an award of punitive damages against

Defendant John Doe officer 1, 2, and 3 in their individual capacity.

25.     Plaintiff is entitled to an award of attorneys' fess and costs as the

prevailing party on the claim, under Title 42 U.S.C. §1983.

WHEREFORE, Plaintiff, Catherine Lugo, demands judgment on behalf of her

minor son, IL, against defendant officers in their official capacity as police officers of the

City of Geneva, and in their individual capacity for monetary and compensatory

damages, incidental and consequential damages, exemplary and/or punitive damages,

costs of this action, interest, attorneys' fees and such other relief as the Court deems just

and proper.

**COUNT II**
**Unlawful Search and Seizure of Plaintiff IL, a Minor**
**Cognizable under Title 42 U.S.C. §1983.**

26.     Plaintiff incorporates herein by reference Paragraphs 1 through 25,

inclusive, as though the same were more fully set forth herein.

27.     No probable cause existed for the arrest or the search and seizure or the

use of force against Plaintiff IL by Defendant John Doe officer 1 or the other defendants.

28.     In the alternative, probable cause, if any, existed, by any standard of

reasonableness, was objectively insufficient and fell below that which is required under

the 4th and 14th Amendments of the United States Constitution.

29.     The conduct of Defendants John Doe officer 1 and the other defendants

was further violative of the constitutional rights of Plaintiff because their conduct was

motivated, not by probable cause to arrest and detain, and prosecute, but by improper and

retaliatory motives.  Plaintiff IL was arrested and detained and thrown to the ground with excessive force by Defendant John Doe officer 1 and the other defendants as a result of Plaintiff exercising his rights under the 1st Amendment of the United States Constitution.

30.     Defendant officers acting as aforesaid in their individual and official capacities, falsely, maliciously and unlawfully arrested and detained, and assaulted the minor Plaintiff, and he was thereby deprived of his right to be free from unreasonable and unlawful seizure of his person, to the equal protection of laws, and due process of law, in violation of the 4th and 14th Amendments of the Constitution of the United States, and Title 42 U.S.C. §1983.

31.     As a result of the foregoing, Plaintiff IL suffered personal, physical and mental injuries and sustained damages including contusions, abrasions, blunt force trauma to face, head, back, spine and torso, and extremities resulting in conscious pain and suffering and lingering incapacity and pain in his back and spine, and necessitating medical treatment and resulting in special medical damages and other consequential losses.

32.     The acts and conduct of Defendants were intentional, willful, wanton and malicious, entitling Plaintiff to an award of punitive damages against Defendant John Doe officers 1,2, and 3 in their individual capacities.

WHEREFORE, Plaintiff Catherine Lugo demands judgment on behalf of her minor son, IL,   against Defendants, in their official capacity as police officers of the City of Geneva, and in their individual capacity, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive dames, costs of this action, interest, attorneys' fees, and such other relief as the Court deems just.

## COUNT III
### False Arrest of Plaintiff IL
#### Cognizable under Title 42 U.S. C. §1983

33.     Plaintiff incorporates herein by reference Paragraphs 1 through 32, inclusive, as though the same were more fully set forth at length.

34.     Defendant John Doe officer 1 and the other defendants acted as aforesaid in their individual and official capacity, falsely, maliciously and unlawfully arrested and detained the Plaintiff IL without probable cause thereby causing Plaintiff to be deprived of his rights under the 4th and 14th Amendments of the Constitution of the United States and Title 42 U.S.C. §1983.

35.     As a result of the foregoing, Plaintiff suffered personal, physical and mental injuries and sustained damages as more fully set forth above.

36.     The acts and conduct of Defendant John Doe officer 1 and the other defendants present were intentional, willful, wanton and malicious, entitling the Plaintiff IL to an award of punitive damages against John Doe officer 1and the other defendants in their individual capacity.

WHEREFORE, Plaintiff, Catherine Lugo, demands judgment on behalf of her minor son, IL, in her favor against Defendant John Doe officer 1 and the other defendants in their official capacity as a police officer of the City of Geneva and in his individual capacity, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

## COUNT IV
## Liability against the City of Geneva
## Cognizable under Title 42 U.S.C. §1983

37.     Plaintiff incorporates herein by reference Paragraphs 1 through 36, inclusive, as though the same were more fully set forth at length.

38.     There exists within the Geneva Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of the Department, that caused the constitutional deprivations of the Plaintiffs Catherine Lugo and IL as more fully set forth above.

39.     The policies, customs, practices and usages that exist are:

A.     To physically assault and strike citizens at will, without regard for the need of force, and without regard for the legality of its use.

B     To unlawfully strike citizens who have been subdued and handcuffed.

C.     To unlawfully engage in searches and seizures of persons and places while acting under color of law.

D.     To file and prosecute cover charges in encounters with citizens in which the officer or officers have improperly used force, or excessive force; such charges and prosecutions are used to justify the use of force and to protect police officers from liability for their improper conduct.

E.     To conspire with others in the prosecution of such cover charges.

F.    To act individually and to conspire with others to prevent the truth about the violence and transgressions of the other officer or officers from being known, by lying or by failing to report such transgressions.

G.    To use private cell phones to communicate with each other while on duty in order to avoid creating official recordings of their activities and communications where improper conduct occurs.

H.    To intentionally supervise, manage and review disciplinary complaints involving police misconduct in such a manner that legitimate citizen complaints almost never result in censure or discipline.

I.    To propogate such practices and customs with knowledge that citizens like Plaintiffs Lugo and IL, would suffer harm, as the police officers operated under the belief that they would never suffer reprisal for their misconduct.

40.    The City of Geneva is vested with the authority to train, supervise, discipline and control the officers of the Geneva Police Dept.

41.    The City of Geneva has effectively abrogated the power to so train, supervise, discipline and control the officers of the Geneva Police Dept. by failing to act in the face of transgressions and police misconduct, of which the City of Geneva knew or should have known.

42.    As the lawfully designated policy making body for the City of Geneva Police Dept., the City of Geneva has the power and responsibility to prevent the existence of the policies and practices as aforesaid described and has refused to so act.

43.     The failure of the City of Geneva to so act in the face of constitutionally violative conduct as described above, has caused the constitutional deprivation suffered by the Plaintiffs.

44.     The City of Geneva is the policy maker for the Geneva Police Dept., and the failure of the City of Geneva to affirmatively act in the face of transgressions about which it knew or should have known establishes the policy of the City of Geneva to condone, or acquiesce, constitutionally violative conduct, and that constitutionally violative conduct as set forth above.

45.     Had the City of Geneva affirmatively acted to properly train the officers of the Geneva Police Dept. or to properly supervise the officers, or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiffs would not have occurred.

46.     The Geneva Police Dept. and the City of Geneva, acting as aforesaid, are aware or should have been aware, of the foregoing policies, customs, practices and usages within the Geneva Police Dept., however, did nothing to prevent or stop the practices and activity.

47.     In its failures, the City of Geneva intentionally disregarded known facts, or alternatively, were deliberately indifferent to a risk of the constitutional violation which they knew or should have known, and its culpability caused the constitutional violations of the Plaintiffs.

48.     As a result of the foregoing, the Plaintiffs suffered personally, physical and mental injuries and sustained damages as more fully set forth above.

WHEREFORE, Plaintiffs Catherine Lugo and her minor son, IL demand judgment in their favor against Defendant City of Geneva for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorney's fees as such other relief as the Court deems just.

**COUNT V**
**Supervisory liability against Geneva**
**Police Chief Defendant Pane under Title 42 U.S.C. §1983**

49.     Plaintiff incorporates herein by reference Paragraphs 1 through 48 inclusive, as though the same were more fully set forth at length.

50.     Chief of Police Frank T. Pane, is delegated by the City of Geneva, with the power and authority to discipline, supervise, manage and control the actions and conduct of the officers of the Geneva Police Dept.

51.     Defendant Pane has failed and refused to properly train, discipline, supervise and control the actions and conduct of the officers of the Geneva Police Dept.

52.     Defendant Pane is the policy maker for the Geneva Police Dept., and the failure of Defendant Pane to affirmatively or effectively act in the face of transgressions about which he knew, or should have known, establishes the policy of Defendant Pane to condone and tolerate constitutionally violative conduct, and more specifically, that constitutionally violated the conduct as set forth above.

53.     Had Defendant Pane affirmatively acted to properly train the officers of the Geneva Police Dept., or to properly supervise the officers or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiffs would not have occurred.

54.     The Geneva Police Dept., and Defendant Pane acting as aforesaid, are aware, or should have been aware, of the foregoing policies, customs, practices and usages within the Geneva Police Dept., however, did nothing to prevent or stop the practices and activity.

55.     In his failures, Chief Pane intentionally disregarded known facts or alternatively was deliberately indifferent to a risk of the constitutional violations, of which he knew or should have know, and his culpability caused the constitutionals violations of the Plaintiffs.

56.     As a result of the foregoing, Plaintiffs suffered personal, physical and mental injuries, and sustained damages as more fully set forth above.

57.     The acts and conduct of Defendant Pane were intentional, willful, wanton and malicious, and were performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damages flowed from defendants conduct would be suffered by the Plaintiffs, entitling the Plaintiffs to an award of punitive damages against Defendant Pane in his individual capacity.

WHEREFORE, Plaintiffs Catherine Lugo and  her minor son, IL demand judgment in their favor against Defendant Pane, Police Chief for the City of Geneva, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

## COUNT VI
### Unlawful Use of Force in Violation of 42 USC § 1983

58.     Plaintiff incorporates herein by reference Paragraphs 1 through 57, inclusive, as though the same were more fully set forth at length.

59.     Defendant John Doe officers 1, 2, and 3, willfully inflicted physical harm and injury upon Plaintiff IL.

60.     By the Defendant officers' actions, and those of other defendants, Plaintiff was in fear and expected to suffer immediate physical and bodily harm and injury and did suffer such injuries.

61.     Defendant John Doe officers 1, 2, and 3 unlawfully struck Plaintiff IL, and threw him face down on the concrete, and inflicted harm and injury upon Plaintiff without lawful justification.

62.     The acts and conduct of Defendant John Doe officer 1 and other defendants present were intentional, willful, wanton and malicious, entitling Plaintiff IL to an award of punitive damages against Defendants.

63.     City of Geneva and Defendant Pane are liable for the harm, consequences and damages suffered by Plaintiff at the hands of Defendant officers, under the theory of respondeat superior and vicarious liability, jointly and severally.

64.     The acts and conduct of the defendants, were intentional, willful, wanton and malicious, and/or performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damage flowing from defendants' conduct would be suffered by the Plaintiffs, entitling the Plaintiffs to an award of punitive damages against the individual defendants.

WHEREFORE, Plaintiffs Catherine Lugo and her minor son, IL, demand judgment in their favor and against Defendant officers, Pane, and the City of Geneva, jointly and severally for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages against all defendants and

costs of this action, attorney fees and interest and such other and further relief as the

Court deems just and proper.

NELSON S. TORRE, ESQ.
Attorney for Plaintiffs
910 Main Court Building
438 Main Street
Buffalo NY 14202
(716) 854-2808

Dated:   April 6, 2011
         Buffalo, New York

## JURY DEMAND

Plaintiffs demand a Trial by Jury on all issues so triable.

NELSON S. TORRE, ESQ.
Attorney for Plaintiffs
910 Main Court Building
438 Main Street
Buffalo New York 14202
(716) 854-2808

Dated:   April 6, 2011
         Buffalo, New York